IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALBERT WIRTH, and Florence T. WIRTH,<br><br>    Plaintiffs,<br><br><br>vs.<br><br><br>ROGER E. TAYLOR, et al.,<br><br>    Defendant.<br>_____<br>ANNETTE KAY DONNELL, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>ROGER E. TAYLOR, et al.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT ROGER TAYLOR'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT<br><br><br><br>Case No. 2:09-CV-127 TS |

      This matter is before the Court on Defendant Roger Taylor's Motion to Set Aside Entry of Default. For the reasons discussed below, the Court will grant that Motion.

1

I. BACKGROUND

Plaintiff Annette Kay Donnell originally filed an action against Defendant Taylor, and others, on February 10, 2009 (the "Donnell action").[1] Defendant Taylor moved to dismiss the Donnell action on March 3, 2009.[2] A First Amended Complaint was filed in the Donnell action on July 10, 2009.[3]

Plaintiffs Albert Wirth and Florence T. Wirth filed an action against Defendant Taylor, and others, on March 11, 2009 (the "Wirth action").[4] Defendant Taylor responded to the Wirth action by filing a Motion to Dismiss on April 10, 2009.[5] An Amended Complaint was filed in the Wirth action on May 5, 2009.[6] Defendant Taylor answered the Amended Complaint[7] and withdrew his previously filed Motion to Dismiss.[8] The Wirth Plaintiffs then moved to strike Defendant Taylor's answer[9] and also moved to consolidate the Wirth action with the Donnell action.[10] Additionally, the Wirths sought to file a Second Amended Complaint.[11] The Motion to

---

[1] Docket No. 1 in 2:09-CV-127.

[2] Docket No. 13 in 2:09-CV-127.

[3] Docket No. 45 in 2:09-CV-127.

[4] Docket No. 2 in Case No. 2:09-CV-229.

[5] Docket No. 12 in Case No. 2:09-CV-229.

[6] Docket No. 24 in Case No. 2:09-CV-229.

[7] Docket No. 30 in Case No. 2:09-CV-229.

[8] Docket No. 31 in Case No. 2:09-CV-229.

[9] Docket No. 35 in Case No. 2:09-CV-229.

[10] Docket No. 38 in Case No. 2:09-CV-229.

[11] Docket No. 43 in Case No. 2:09-CV-229.

consolidate and the Wirth Plaintiffs' request to file a Second Amended Complaint were both granted on July 17, 2009, and the Donnell action and the Writh actions were consolidated (the "consolidated action").[12]

On July 17, 2009, the Motion to Strike filed in the Wirth action was filed in the consolidated action.[13] On that same date, the Wirth Plaintiffs filed a Second Amended Complaint.[14]

On August 10, 2009, Magistrate Judge Nuffer granted the Motion to Strike and ordered Defendant Taylor to file an answer to the First Amended Complaint.[15] On September 1, 2009, Defendant Taylor filed an amended answer to the First Amended Complaint in the Donnell action, but not the Wirth action.[16] Further, Defendant Taylor did not file a response to the Second Amended Complaint.

On September 10, 2009, a Default Certificate was entered against Defendant Taylor. On September 17, 2009, Defendant moved to set aside that Default Certificate. Defendant's counsel points to a number of factors in support of the instant Motion, including: confusion as a result of a number of lawsuits currently pending with similar parties, a mis-reading of the Magistrate Judge's docket text order, and counsel being out of town.

---

[12]Docket Nos. 51 and 54 in Case No. 2:09-CV-229.

[13]Docket No. 48 in 2:09-CV-127.

[14]Docket No. 59 in 2:09-CV-127.

[15]Docket No. 66 in 2:09-CV-127.

[16]Docket No. 72 in 2:09-CV-127.

II.  DISCUSSION

Fed.R.Civ.P. 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  "[I]t is well established that the good cause required by Fed.R.Civ.P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed.R.Civ.P. 60(b)."[17]  Default judgments are disfavored by courts.[18]

"The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense."[19]  "If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone."[20]  "Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default."[21]

Plaintiffs do not oppose Defendant's Motion.  However, Plaintiffs argue that the Motion should be granted only upon certain conditions, namely that Defendant: (1) complies with the Magistrate Judge's Order requiring him to file an answer to the First Amended Complaint complying with Fed.R.Civ.P. 11; (2) find replacement counsel due to his current counsel being

---

[17]*Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).

[18]*See Katzson Bros., Inc. v. United States EPA*, 839 F.2d 1396, 1399 (10th Cir. 1988).

[19]*Hunt v. Ford Motor Co.*, 65 F.3d 178, 1995 WL 523646, at *3 (10th Cir. 1995).

[20]*Id*.

[21]*Id*.

disqualified from representing him in another lawsuit; and (3) file an Answer to the Second Amended Complaint which complies with Fed.R.Civ.P. 11 within ten (10) days to avoid further delay.

Defendant Taylor, in turn, argues that: (1) he should not be forced to answer a non-operative complaint; (2) the issue of attorney disqualification should be raised by motion; and (3) he has submitted an Answer to the Second Amended Complaint along with the instant Motion.

Based on Defendant's Motion and Plaintiffs' non-opposition thereto, the Court will grant the Motion to Amend. However, the Court will not place upon Defendant the conditions which Plaintiffs seek. First, the Magistrate Judge's Order directing Defendant Taylor to file an amended answer dealt with the First Amended Complaint. Plaintiffs have now filed a Second Amended Complaint. Therefore, there is no need for Defendant Taylor to respond to the First Amended Complaint. However, the Court does not condone the failure to comply with Court orders and cautions Defendant Taylor to strictly follow and comply with the orders of the Court. Second, the Court agrees that any issues concerning disqualification of Defendant's counsel should be raised by proper motion and are not appropriately addressed here. Plaintiffs have now filed such a motion.[22] Finally, Defendant has submitted a proposed answer along with the instant Motion. Plaintiffs argue that the proposed answer does not comply with Fed.R.Civ.P. 11. Any arguments concerning the sufficiency of Defendant's answer should be raised by motion and will not be entertained here.

---

[22] Docket No. 100.

## III. CONCLUSION

It is therefore

ORDERED that Defendant Roger Taylor's Motion to Set Aside Entry of Default (Docket No. 92) is GRANTED. The Default Certificate (Docket No. 79) is hereby SET ASIDE. Defendant is ORDERED to file his Answer to the Second Amended Complaint with the Clerk of the Court within ten (10) days of this Order.

DATED   October 14, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge