IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALBERT WIRTH and FLORENCE T. WIRTH, <br><br> Plaintiffs, <br><br> vs. <br><br> ROGER E. TAYLOR, RICHARD T. SMITH, ASCENDUS CAPITAL MANAGEMENT, LLC, FFCF INVESTORS, LLC, FRANKLIN FORBES ADVISORS, LP., LBS FUND, L.P., LBS ADVISORS, INC., SUMMIT CAPITAL ADVISORS, INC., JEFFREY B. ROYLANCE, JENNETTE L. ROYLANCE, GJB ENTERPRISES, INC., GERALD BURKE a/k/a G.J. BURKE, JASON BUCK, RICHARD C. SCHMITZ, and KARI M. LAITINEN, <br><br> Defendants. | MEMORANDUM DECISION and ORDER DENYING MOTION TO DISQUALIFY COUNSEL <br><br> Case No: 2:09-cv-127 TS <br><br> District Judge Ted Stewart <br><br> Magistrate Judge David Nuffer |

Plaintiffs Albert and Florence Wirth seek to disqualify counsel for Defendant Roger E.

Taylor[1] based upon Rule 1.9(a) of the Utah Rules of Professional Conduct[2] and an order that Utah

Third District Judge Denise Lindberg issued[3] in a pending state court case with many of the same

---

[1] Motion to Disqualify Counsel for Roger E. Taylor, docket no. 100, filed October 13, 2009.

[2]  A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
Utah Rules of Professional Conduct 1.9(a).

[3] State Court Order of Disqualification, attached as Exhibit A to Motion to Further Supplement, docket no. 122, filed December 3, 2009.

parties.[4]

Taylor's current attorneys (Sara Pfrommer, James J. Warner and Frederick M. Reich) represented FFCF Investors, LLC (FFCF), Ascendus Capital Management (Ascendus) and Roger Taylor (Taylor) in the *Barnes* case in state court. These same attorneys currently represent the same Defendant parties in this case. Through the filings presented on this motion, it appears that a Receiver has been appointed by the state court to represent FFCF, Ascendus and Smith Holdings.[5] It was the Receiver that raised the issue of disqualification in the *Barnes* case through a Report of Potential Conflicts of Interest suggesting a conflict could arise "due to the possibility the Receiver will be asserting financial claims against Taylor and against counsel for Taylor."[6] Yet, the Receiver has failed to appear and raise these same issues in this case. Instead, the Wirths, as two of the *Plaintiffs* in this case, assert that a conflict exists between Defendant parties that requires disqualification. Other Plaintiffs did not join the motion and neither did the Receiver.

The alleged conflict, if indeed it does exist, does not affect the Wirths' representation, or their rights. The Defendant parties raised no issues of conflict and on this record, in this case, seem content with their chosen counsel. The receiver, whose right it would be to object and appear on behalf of the entities, has not taken any action in this case. Accordingly, at this time the court will not disqualify Taylor's counsel in this matter.

---

[4] *See David Barnes, MD, P.C. v. FFCF Investors, et al.*, Case No. 080922273 (Barnes case).

[5] *See* State Order of Disqualification.

[6] *Id.* at 3.

IT IS HEREBY ORDERED that the Motion to Disqualify Counsel for Roger E. Taylor[7] is DENIED.

December 4, 2009.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[7]Docket no. 100, filed October 13, 2009.