IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALBERT WIRTH and FLORENCE T. WIRTH,<br><br>Plaintiffs,<br><br>v.<br><br>ROGER E. TAYLOR, et al.,<br><br>Defendants. | **ORDER GRANTING MOTION TO COMPEL AGAINST LBS DEFENDANTS**<br><br>Case No.2:09-cv-00127-TS-DN<br><br>District Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |

The LBS Defendants (Franklin Forbes Advisors, L.P.; LBS Fund, LP; LBS Advisors, Inc.; and their principals, defendants Jason Buck, Richard C. Schmitz, and Kari M. Laitinen) resist Plaintiffs' document requests in essentially two categories: (1) All documents relating to clients referred to LBS by Summit Capital; and (2) documents that disclose the identity of all of the LBS Defendants' clients. Plaintiffs assert a complex Ponzi scheme and are disadvantaged by the lack of personal knowledge of their principal witness, Mr. Al Wirth. That lack of knowledge is not surprising in a fraud case.

Plaintiffs claim that documents relating to other investors are relevant to "the manner in which the fraud was perpetrated, the parties involved in the fraud, the benefits received by the defendants from the fraud, the scope and size of the fraud, the manner in which investments and commissions were shared and paid, and the manner in which investor funds have disappeared."[1] LBS resists the discovery relying on facts which favor LBS. "LBS wants to engage in a factual dispute, rather than focus on what discovery is germane to the issues raised by the pleadings."[2]

---

[1] Affidavit of Erik A. Christiansen in Support of Motion to Compel Against LBS Defendants, docket no. 134 at 7-8, 9.

[2] Reply Memorandum in Support of Motion to Compel Against LBS Defendants, docket no. 151 at 4.

Plaintiffs have substantial factual support for the need to pursue further discovery. LBS Defendants' position may exclude evidence at trial, but the discovery sought is "relevant to [Plaintiffs'] claim . . . including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1).

## ORDER

The motion to compel is GRANTED. The discovery described in the motion[3] shall be made available on or before March 22, 2010.

Dated this 20th day of February, 2010.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[3] Motion to Compel Against LBS Defendants, docket no. 132 at 2.