IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALBERT WIRTH and FLORENCE T. WIRTH,<br><br>Plaintiffs,<br><br>v.<br><br>ROGER E. TAYLOR, et al.,<br><br>Defendants. | **ORDER GRANTING MOTION TO COMPEL AGAINST SUMMIT DEFENDANTS**<br><br>Case No.2:09-CV-00127-TS-DN<br><br>District Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |

The Summit Defendants (Summit Capital Advisors, Inc. and Jeffrey B. Roylance) resist Plaintiffs discovery requests, relying on the lack of knowledge of the individual Plaintiff Mr. Wirth about their involvement in the transactions subject of the complaint. They state that Mr. Wirth admits not dealing directly with their principals. However, Plaintiffs have established that this is a complex case with facts to support investigation of their theory that Summit Defendants benefited and controlled funds from the alleged Ponzi scheme. Plaintiffs have more than "nebulous allegations."[1] Plaintiffs have a significant burden to establish proof of "evidence about the manner in which the fraud was perpetrated, the parties involved in the fraud, the benefits received by the defendants from the fraud, the scope and size of the fraud, the manner in which investments and commissions were shared and paid, and the manner in which investor funds have disappeared."[2] Therefore, discovery about the investors in FFCF Investors, LLC, whose funds were invested with LBS Investors, Inc., is merited.

---

[1] Summit Capital's Opposition to Plaintiffs' Motion to Compel Against Summit Defendants (Opposition Memorandum), docket no. 139 at 11.

[2] Motion to Compel Against Summit Defendants (Motion), docket no. 129 at 1.

Similarly, Summit Defendants' unilateral decision to end production of documents "in June 2008 when the Wirths made their last purported investment"[3] will not permit a full and fair discovery of facts material to establishment – or defeasance – of Plaintiff's claims. That time limitation is not proper.

In light of the clear positions of the parties on the issues in dispute, the Plaintiffs' efforts to meet and confer – to clarify and fix the issues – are adequate.

## ORDER

The motion to compel is GRANTED. The discovery described in the motion[4] shall be made available on or before March 22, 2010.

Dated this 20th day of February, 2010.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[3] Opposition Memorandum, docket no.139 at 12.

[4] Motion, docket no. 129 at 2.