IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANNETTE KAY DONNELL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ROGER E. TAYLOR, an individual; RICHARD T. SMITH, an individual; SMITH HOLDINGS, LLC; SUSAN SMITH; ASCENDUS CAPITAL MANAGEMENT, LLC, a Utah limited liability company; FFCF INVESTORS, LLC, a Utah limited liability company; GREAT EASTERN SECURITIES; TOUCH TRADE; TOM NEWREN; LBS MANAGEMENT; HANS V. ANDERSEN, CPA; HANS V. ANDERSEN ACCOUNTING; CONSILIUM TRADING COMPANY; TEACH ME TO TRADE; LINDA WOOLF; DAVID CHRISTOPHER TAGGART; JEFF ROYLANCE; and JOHN DOES I-XXX,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING ALBERT WIRTH'S MOTION FOR PROTECTIVE ORDER REGARDING SUBPOENAS TO BANK OF AMERICA, ZDE CORPORATION, ZDE INVESTMENTS, INC., AND WOLF & COMPANY, LLP** |
| ALBERT WIRTH, on behalf of himself and the Albert J. Wirth Trust, and FLORENCE T. WIRTH,<br><br>Plaintiffs,<br><br>vs.<br><br>ROGER E. TAYLOR, RICHARD T. SMITH, ASCENDUS CAPITAL MANAGEMENT, LLC, FFCF INVESTORS, LLC, FRANKLIN FORBES ADVISORS, L.P., LBS FUND, L.P., LBS ADVISORS, INC., SUMMIT CAPITAL ADVISORS, INC., JEFFREY B. ROYLANCE, JENNETTE L. ROYLANCE, GJB ENTERPRISES, INC., GERALD BURKE a/k/a G.J. BURKE, JASON BUCK, RICHARD C. SCHMITZ, and KARI M. LAITINEN,<br><br>Defendants. | Case No. 2:09-cv-00127<br><br>District Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |

Plaintiff Albert Wirth moved[1] for a protective order regarding subpoenas that Jeffrey and Jennette Roylance and Summit Capital Advisors, (collectively, "the Roylance Defendants") sent to Bank of America, ZDE Corporation, ZDE Investments, Inc., and Wolf & Company, LLP. The Roylance Defendants oppose this motion.[2] The magistrate judge issued an interim order suspending these subpoenas on June 28, 2010.[3]

In their subpoenas, the Roylance Defendants are seeking information regarding:

(1)　　Wirth's personal and business bank records from Bank of America;[4]
(2)　　Wirth's business from ZDE Corporation;[5]
(3)　　Wirth's business from ZDE Investments;[6] and
(4)　　Wirth's personal accounting records and his company's accounting records from Wolf & Company, LLP.[7]

The Roylance Defendants claim that their efforts are "reasonably calculated to lead to the discovery of admissible evidence regarding [Wirth's] alleged 'little knowledge' about investing . . . ."[8] They emphasize that Wirth has claimed to be a novice investor and that he has represented that as he looked for investments, he "knew little about trading, investing, or the stock market."[9]

---

[1] Motion for Protective Order Regarding Subpoenas to Bank of America, ZDE Corporation, ZDE Investments, Inc., and Wolf & Company, LLP (Motion), docket no. 179, filed June 11, 2010.

[2] Summit Capital's Opposition to Plaintiffs' Motion for Protective Order Regarding Subpoenas to Bank of America, ZDE Corporation, ZDE Investments, Inc., and Wolf & Company, LLP (Opposition), docket no. 182, filed June 16, 2010.

[3] Docket no. 186, filed June 28, 2010.

[4] Motion at 2.

[5] *Id*.

[6] *Id*.

[7] *Id*.

[8] Opposition at 9.

[9] Opposition at 3 (quoting Third Amended Complaint and Jury Demand at ¶1, docket no. 150, filed January 21, 2010).

Wirth argues that the information sought is "completely irrelevant to this lawsuit, not reasonably calculated to lead to the discovery of admissible evidence, and only serves to harass [him] and his businesses."[10] Wirth clarifies the roles of each of these entities:

- Bank of America is "where Mr. Wirth does his present personal banking and where the companies for which he works bank;"[11]
- The ZDE Entities (ZDE Investments and ZDE Corporation) are "Mr. Wirth's businesses which are completely unrelated to this lawsuit;"[12]
- Wolf & Company, LLP is "the accounting firm for Mr. Wirth, the [Albert J. Wirth] Trust, and the ZDE entities."[13]

Wirth also emphasizes that he has *not sought a protective order* regarding the subpoenas to the brokerage firms concerning his and Florence Wirth's securities investments which are the principal focus of this litigation.[14]

Wirth requests an order:

(1) prohibiting the Roylance Defendants from seeking information from Bank of America, requiring them to withdraw the Subpoena, and requiring them to inform Bank of America that the documents are not to be produced;

(2) prohibiting the Roylance Defendants from seeking information from ZDE Corporation and ZDE Investments, Inc. and requiring them to withdraw the Subpoenas; and

(3) prohibiting the Roylance Defendants from seeking information from Wolf & Company, LLP, requiring them to withdraw the Subpoenas, and requiring them to inform Wolf & Company, LLP that the documents are not to be produced.[15]

---

[10] Motion at 2.

[11] Memorandum in Support of Motion for Protective Order Regarding Subpoenas to Bank of America, ZDE Corporation, ZDE Investments, Inc., and Wolf & Company LLP (Memo in Support) at 4, docket no. 180, filed June 11, 2010.

[12] *Id.*

[13] *Id.*

[14] *Id.* at 3.

[15] Motion at 2.

## Sought-After Information is Not Relevant to Claims or Defenses

Rule 26 permits discovery of information "regarding any nonprivileged matter that is relevant to any party's claim or defense."[16] The Roylance Defendants do not make a cogent argument that the status of Wirth as a sophisticated or novice investor is relevant to their defense. As Wirth indicates, "[t]he Roylance Defendants do not even articulate this defense."[17] Since discovery is limited to the claims and defenses in an action,[18] the Roylance Defendants cannot discover information relating to whether Wirth was a "sophisticated investor" since that fact is not relevant to a defense in this action.

Wirth relies on Fed. R. Civ. P. 26(c)(1) which empowers the court, "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery [or] forbidding inquiry into certain matters . . . ."[19] Wirth asserts that the invasion of his personal and business bank accounts would be unduly burdensome[20] as he has "a legitimate interest in preserving sensitive personal financial information, particularly, when such information is not even relevant to the matters at hand."[21]

The Roylance Defendants contend that this discovery is justified because Wirth has referred to the subpoenaed accounts in his answers to interrogatories.[22] Although Wirth's interrogatory answers referred the Roylance Defendants to materials they received in response to

---

[16] Fed. R. Civ. P. 26(b)(1).

[17] Reply Memorandum in Support of Motion for Protective Order Regarding Subpoenas to Bank of America, ZDE Corporation, ZDE Investments, Inc., and Wolf & Company, LLP (Reply) at 3, docket no. 183, filed June 18, 2010.

[18] Fed. R. Civ. P. 26(b)(1).

[19] Fed. R. Civ. P. 26(c)(1).

[20] Memo in Support at 15 ("To invade this legitimate interest and expectation of confidentiality would present an undue burden on Mr. Wirth.").

[21] *Id.*

[22] Opposition at 9.

"subpoenas [sent to] financial institutions,"[23] Wirth did not refer to subpoenas regarding his *personal* or *business accounts*, but rather to subpoenas regarding *investment accounts*.

> Plaintiff already has produced and/or made available for inspection all investment account documents in his current, possession, custody or control for himself and/or his trust from which the funds invested with defendants were obtained, as well as all documents for all investment accounts which were controlled by defendants. Such documents, which are equally available to defendant, identify the financial institution, the location and the account number of each account. Concurrently with this response, Plaintiffs [sic] is producing documents in electronic form from which discoverable information can be obtained. In addition, defendant has sent subpoenas to these financial institutions, from which such information also can be obtained.[24]

Wirth has not objected to subpoenas regarding his investment accounts.[25] If the Roylance Defendants had established that Wirth specifically referred to any of the subpoenaed accounts, then they may have had a basis for their requested discovery. But they did not.

The burden of this discovery outweighs the potential benefit to the Roylance Defendants. It would be unwise to put this financial information into the hands of litigation opponents for no significant benefit to their case.

## Meet-And-Confer with the Roylance Defendants

DUCivR 37-1(a) states that in order for the court to entertain most discovery motions, there must be "a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorneys on the matters set forth in the motion."[26]

---

[23] Plaintiffs [sic] Albert Wirth's Response to Jeffrey B. Roylance's First Set of Interrogatories and Requests for Production on Plaintiff Albert Wirth (Wirth's Response) at 7, Exhibit B attached to Opposition.

[24] *Id*. at 6-7.

[25] Reply at 11.

[26] DUCivR 37-1(a).

Wirth made it apparent at Summit's deposition[27] that he did not want any of the sought-after information to be discoverable by the Roylance Defendants. His counsel clearly stated:

> Neither of those entities have anything to do with this lawsuit in any way. No funds came from those entities. No funds were distributed to those entities. Those entities had no connection with these. None of the bank accounts at Bank of America, no funds were used in any investments here. No funds were deposited in any of those accounts. Those two entities and those bank accounts have nothing whatsoever to do with any of the funds or issues in this lawsuit.[28]

While this conversation did not represent the traditional "meet-and-confer" contemplated by DUCivR 37-1, it is sufficient under the circumstances.[29] There was an *attempt* to reach an agreement without the court's interference: Wirth attempted to persuade the Roylance Defendants to not subpoena the parties, and the Roylance Defendants attempted to get Wirth to allow them to subpoena the parties. Positions were clearly stated. The parties were unable to reach an agreement on this clearly defined issue and it is now properly here for the court to decide. This is not an instance where a failure of communication resulted in a meaningless motion – the dispute is real and present.

---

[27] Deposition of: Summit Capital Advisors (Summit Deposition), attached as Exhibit A to Record Supplement to Summit Capital's Opposition (Docket 182) to Plaintiffs' Motion for Protective Order Regarding Subpoenas to Bank of America, ZDE Corporation, ZDE Investments, Inc. and Wolf & Company, LLP (Record Supp.), docket no. 184, filed June 21, 2010.

[28] *Id.* at 183.

[29] *See Miller v. Pruneda*, 236 F.R.D. 277, 282 (N.D. W. Va. 2004) (finding good faith effort to confer pursuant to Fed. R. Civ. P. 37 when plaintiffs' counsel attempted to confer with defendant's counsel by telephone and facsimile, failed to receive any response, and submitted motion to compel seven days later); *Cf. Quality Wholesale Homes & Furnishings, Inc. v. Edwards*, No. 2:06-cv-00092-TS-PMW, 2008 U.S. Dist. LEXIS 32847, at *7 (D. Utah Apr. 21, 2008) (stating document that merely restates defendant's requests for production does not constitute the good faith efforts required by Fed. R. Civ. P. 37(a)(1) and DUCivR 37-1(a)).

### Wirth Has Not Waived Objections to Subpoenas

The Roylance Defendants argue that Wirth waived his objections to the subpoenas by not objecting within the eight days "contemplated in DUCivR 45-1."[30] There is no mention of such a deadline for *objections* in DUCivR 45-1. The rule states:

> The notice of issuance of subpoena with a copy of the proposed subpoena that is (i) directed to a nonparty, and (ii) commands production of documents and things or inspection of premises before trial shall be served on each party as prescribed by Fed. R. Civ. P. 45(b)(1). Service under Fed. R. Civ. P. 5(b)(2)(A) shall be made at least five (5) days prior to service of the subpoena on the non party. Service on parties under Fed.R. Civ. P. 5(b)(2)(B), (C) or (D) shall be made at least eight (8) days prior to service of the subpoena on the non party.[31]

The local rule only imposes the requirement of serving proposed subpoenas on other parties at least eight days before serving the subpoenas. The rule provides an *opportunity* to object but does not expressly create a *duty* to object nor does the rule bar later objection. Wirth cites several sources supporting the view that a party may object to a subpoena at any time before the response to the subpoena is due.[32] Wirth's Motion for Protective Order is timely.

---

[30] Opposition at 7.

[31] DUCivR 45-1.

[32] Reply at 8-9, (citing, *e.g.*, *City of St. Petersburg v. Total Containment, Inc.,* No. 07-191, 2008 WL 1995298 (E.D. Pa. May 5, 2008); *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 669 F.2d 620, 622 n.2 (10th Cir. 1982)).

## ORDER

IT IS HEREBY ORDERED that Albert Wirth's Motion[33] for Protective Order Regarding Subpoenas to Bank of America, ZDE Corporation, ZDE Investments, Inc. and Wolf & Company, LLP is GRANTED.

Dated this 8th day of August, 2010.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[33] Docket no. 179, filed June 11, 2010.