# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANNETTE KAY DONNELL, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>ROGER E. TAYLOR, an individual; RICHARD T. SMITH, an individual; SMITH HOLDINGS, LLC; SUSAN SMITH; ASCENDUS CAPITAL MANAGEMENT, LLC, a Utah limited liability company; FFCF INVESTORS, LLC, a Utah limited liability company; GREAT EASTERN SECURITIES; TOUCH TRADE; TOM NEWREN; LBS MANAGEMENT; HANS V. ANDERSEN, CPA; HANS V. ANDERSEN ACCOUNTING; CONSILIUM TRADING COMPANY; TEACH ME TO TRADE; LINDA WOOLF; DAVID CHRISTOPHER TAGGART; JEFF ROYLANCE; and JOHN DOES I-XXX,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART ANNETTE KAY DONNELL'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT AND GRANTING ALBERT AND FLORENCE T. WIRTH'S MOTION FOR LEAVE TO AMEND TO ADD NEW CLAIMS**<br><br>Case No. 2:09cv00127 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |
| ALBERT WIRTH, on behalf of himself and the Albert J. Wirth Trust, and FLORENCE T. WIRTH,<br><br>    Plaintiffs,<br><br>vs.<br><br>ROGER E. TAYLOR, RICHARD T. SMITH, ASCENDUS CAPITAL MANAGEMENT, LLC, FFCF INVESTORS, LLC, FRANKLIN FORBES ADVISORS, L.P., LBS FUND, L.P., LBS ADVISORS, INC., SUMMIT CAPITAL ADVISORS, INC., JEFFREY B. ROYLANCE, JENNETTE L. ROYLANCE, GJB ENTERPRISES, INC., GERALD BURKE a/k/a G.J. BURKE, JASON BUCK, RICHARD C. SCHMITZ, and KARI M. LAITINEN,<br><br>    Defendants. | |

## Nature of the Case

Annette Kay Donnell's case was consolidated with Albert and Florence Wirth's case on July 17, 2009.[1] Donnell and the Wirths allege that they were defrauded and otherwise harmed by several of the same defendants when those defendants allegedly mismanaged the plaintiffs' investments. Because of the numerous amendments and parties, a chart attached to this order seeks to illustrate which parties are defendants in each of the pleadings filed to date and in Donnell's proposed Second Amended Complaint,[2] as well as in the Fourth Amended Complaint proposed by the Wirths.[3]

## What the Motions Seek

### Donnell's Motion to Amend

Donnell moves for leave to amend her First Amended Complaint[4] to add a plaintiff; to add claims; and to add several defendants alleged to be closely related to existing defendants.[5]

*Donnell's Proposed Additional Parties*

Donnell seeks to add AK Limitless, LLC as a plaintiff in her Proposed Second Amended Complaint. This is a business entity created and controlled by Donnell, to which funds at issue were transferred.[6] Donnell also seeks to add as defendants LBS Fund, L.P. and LBS Advisors, Inc. (collectively, "the LBS Defendants"); Summit Capital Advisors, Inc. ("Summit"); Chad

---

[1] Order to Consolidate, docket no. 47, filed July 17, 2009.

[2] Motion for Leave to Amend First Amended Complaint (Donnell Motion), docket no. 166, filed April 16, 2010.

[3] Motion for Leave to Amend to Add New Claims (Wirth Motion), docket no. 174, filed May 24, 2010.

[4] Docket no. 45, filed July 10, 2009.

[5] The existing defendants are Roger E. Taylor, an individual; Richard T. Smith, an individual; Hans V. Andersen, CPA; Hans V. Andersen Accounting; Consilium Trading Company; Teach Me To Trade; Linda Woolf; David Christopher Taggart; Jeff Roylance; Great Eastern Securities; Touch Trade; Tom Newren; LBS Management; Smith Holdings, LLC; Susan Smith; Ascendus Capital Management, LLC, a Utah limited liability company; and FFCF Investors, LLC, a Utah limited liability company.

[6] Memorandum in Support of Motion to Amend First Amended Complaint (Donnell Memo) at 2, docket no. 167, filed April 16, 2010.

Miller; Robert Alsop; and Franklin Forbes Advisors L.P. ("Franklin Forbes"). Donnell claims these entities are "closely aligned and related to existing defendants."[7] Some are already defendants in the Wirth case, discussed below; and Donnell says the claims against them that she seeks to add are similar to those being asserted by the Wirth plaintiffs.

*Donnell's Proposed Additional Claims*

The new claims that Donnell seeks to assert in her Proposed Second Amended Complaint are:

- Fraud, conversion, and accounting against the LBS Defendants, Summit, Franklin Forbes Advisors, Chad Miller, and Robert Alsop;
- Breach of fiduciary duty, negligence, violation of Section 10b of the Exchange Act, 15 U.S.C. § 78j(b), and Rule R10b-5 thereunder, 17 C.F.R. § 240.10b-5, and violation of the Utah Uniform Securities Act, *Utah Code Ann.* § 61-1-1, *et seq.* against LBS Fund, L.P., LBS Advisors, Inc., Jeffrey Roylance, Summit, Chad Miller, Robert Alsop, and Franklin Forbes Advisors;
- Violation of Section 20 of the Securities and Exchange Act of 1934 against Jeffrey Roylance and Summit; and
- Breach of contract on the Oil Well Loan Agreement against Summit.[8]

Donnell claims that the additional parties and claims in her Proposed Second Amended Complaint "have come to light in the discovery process"[9] and that the additions are "necessary to ensure a full and fair adjudication of the case on the merits."[10] The motion to amend is opposed[11] by the LBS Defendants[12] on the basis that Donnell's amendment is prejudicial, untimely, and futile.

---

[7] *Id.*

[8] [Proposed] Plaintiffs' Second Amended Complaint and Jury Demand (Donnell Amended Complaint) at 24-38, attached as Exhibit A to Donnell Memo.

[9] Donnell Motion at 1.

[10] *Id.*

[11] LBS Defendants' Memorandum in Opposition (LBS Opposition), docket no. 170, filed May 10, 2010.

[12] The LBS Defendants are separate from, although previously related to, LBS Management.

3

## Wirths' Motion to Amend

Plaintiffs Albert and Florence T. Wirth seek leave[13] to add two new claims with their Proposed Fourth Amended Complaint.[14] These are:

- Violation of Investment Advisers Act of 1940 against Summit, Jeffrey B. Roylance, Roger E. Taylor, Richard T. Smith, Franklin Forbes Advisors, LP, [sic] LBS Advisors, Inc. and Kari M. Laitinen, except Florence Wirth is not claiming against Summit, Roger E. Taylor, Richard T. Smith or Jeffrey B. Roylance.[15]
- Agency liability against summit only, except Florence Wirth is not claiming against Summit.[16]

The Wirths state that these claims "simply conform to the evidence adduced at the recently completed depositions of defendants Roger E. Taylor, Richard T. Smith, Franklin Forbes Advisors, L.P., LBS Fund, L.P., and LBS Advisors, Inc. in the last 30 days."[17] Defendants Jeffrey B. Roylance, Jennette L. Roylance and Summit (collectively "the Summit Defendants") oppose this motion on the basis that the Wirths' motion is untimely and futile.[18] The Summit Defendants assert that the Wirths propose to add three new claims.[19] This is incorrect. The Wirths are only seeking leave to add the two previously discussed claims.

---

[13] Wirth Motion.

[14] Fourth Amended Complaint and Jury Demand, attached as Exhibit A to Memorandum in Support of Motion for Leave to Amend to Add New Claims (Wirth Amended Complaint), docket no. 175, filed May 24, 2010.

[15] *Id*. at 39.

[16] *Id*. at 40.

[17] Wirth Motion at 2.

[18] Summit Capital's Opposition to Plaintiffs' Motion for Leave to Amend to Add New Claims (Summit Opposition), docket no. 188, filed July 1, 2010.

[19] *Id*. at 3.

## Standard for Amendment

Under Rule 15, a party may amend its complaint once as a matter of course within 21 days after serving it[20] and after that "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[21] Several Tenth Circuit cases have clarified this last standard. For example, the court in *Minter v. Prime Equipment Company*[22] stated, "[a]s a general rule, a plaintiff should not be prevented from pursuing a valid claim."[23] The *Minter* court also stated that "[t]he purpose of [Fed. R. Civ. P. 15(a)] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[24] The court in *Hom v. Squire*[25] also expressed this liberal sentiment: "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'"[26]

Liberality is, however, limited by prejudice the opposing party might bear in responding to the amended pleading, the timeliness of the motion, and the possible futility of the proposed additional claims.

In *Minter*, the court was faced with a similar motion to amend the complaint after much discovery had taken place. Minter learned new facts during the course of discovery that

---

[20] Fed. R. Civ. P. 15(a)(1).

[21] Fed. R. Civ. P. 15(a)(2).

[22] 451 F.3d 1196 (10th Cir. 2006).

[23] *Id.* at 1208 (quoting *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991)).

[24] *Id.* at 1204 (quoting *Hardin v. Manitowoc-Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)).

[25] 81 F.3d 969 (10th Cir. 1996).

[26] *Id.* at 973 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962)).

prompted him to add a new claim against the defendant.[27] The district court denied Minter's motion to amend. The Tenth Circuit reversed for several reasons.

The Tenth Circuit found that the defendant, Prime Equipment Company, would not be prejudiced since there was "a significant overlap in the factual underpinnings and defenses"[28] between the original claims and the proposed claim. Furthermore, Prime already had access (from its preparation for the original claims) to the discovery materials it would need to defend itself.[29]

The Tenth Circuit also found Minter's motion to be timely. Prime argued that Minter's motion was untimely because he waited more than six months after learning the new facts before asserting his new claim.[30] However, the reason for this delay was because Minter believed that the new claim was already encompassed by his pleadings. The Tenth Circuit found Minter's delay was excusable due to his assumption regarding the scope of his original pleading as well as the defendant's own tardiness in other aspects of the proceedings.[31]

Because the Tenth Circuit found the amendment to be non-prejudicial to the defendant and timely, it determined that Minter should be permitted to file an amended complaint and reversed the district court's order.[32] As *Minter* illustrates, the court must consider several factors when deciding how to rule on a motion to amend. Among these are prejudice, timeliness, and whether the amendment would be futile.

---

[27] *Minter,* 451 F.3d at 1207.
[28] *Id.* at 1208.
[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] *Id.* at 1214.

6

## A. Prejudice

Courts generally consider prejudice to be the most important factor when determining whether to grant or deny a motion to amend.[33] The proposed claims and parties must be related to or arise out of the same subject matter set forth in the original complaint.[34] An amendment is typically deemed prejudicial "only when [it] unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[35] Accordingly, in *Minter*, the Tenth Circuit found that the defendant was not unduly prejudiced since it had access to discovery materials it previously prepared in response to Minter's original claims and was able to use those materials to prepare its defense.[36] In *Minter* and in other cases,[37] the opportunity to complete discovery is an important factor when determining whether an added party will be unduly prejudiced in defending itself. If a party still has the opportunity to complete the necessary discovery or already has access to relevant information, it is likely that it would not be unduly prejudiced by an amendment.

## B. Timeliness

Undue delay alone can justify a court's denial.[38] The *Minter* court elaborated on this principle by stating that "delay alone is an insufficient ground to deny leave to amend. At some point, however, delay will become undue, placing an unwarranted burden on the court, or will be

---

[33] *Id.* at 1208 (citing 6 Wright, Miler & Kane, Federal Practice and Procedure § 1487 (2d ed. 1990)); see also *Hom*, 81 F.3d at 973 (District court denied plaintiff's motion to amend on grounds motion was untimely and would unduly prejudice defendants).

[34] *Id.* (stating that courts typically find prejudice only when "the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues").

[35] *Id.* (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

[36] *Id.*

[37] *See e.g.*, *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009) (finding defendants' late amendment did not unduly prejudice plaintiffs in bringing personal injury action because defense did not raise new issues requiring substantial discovery).

[38] *Minter*, 451 F.3d at 1206 (citing *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994)).

7

become prejudicial, placing an unfair burden on the opposing party."[39]  Furthermore, "the longer the delay, 'the more likely the motion to amend will be denied . . . with its attendant burdens on the opponent and the court.'"[40]  "A party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time."[41]  As these statements indicate, timeliness is an important consideration when deciding whether to deny or grant a motion to amend.

### C. Futility

If a proposed amended complaint fails to state a valid claim or states claims against improper parties, the court will deny the motion.[42]  Likewise, a complaint that offers only "labels and legal conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient to state a claim.[43]  A valid claim must contain factual allegations that would give rise to a cause of action; it cannot consist of mere conclusory allegations.

---

[39] *Id*. at 1205 (quoting *USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir. 2004)).

[40] *Id*. (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).

[41] *Id.* (quoting Fed. R. Civ. P. 15(a)).

[42] See *Sooner Products Co. v. McBride,* 708 F.2d 510, 512 (Trial court denied motion to amend when it considered amendment to be futile).

[43] LBS Opposition at 5-6 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## DISCUSSION

### 1. Donnell Motion to Amend

#### A. Prejudice

Donnell claims that her amendment will not be prejudicial to the LBS Defendants since "[t]he fact discovery deadline in this case is not until October 1, 2010 . . ."[44] and "[t]here is more than sufficient time for all necessary discovery to be done . . . ."[45] In response, the LBS Defendants claim that granting this motion in full would unduly prejudice their case.[46] They state that since "Donnell has already testified at a deposition . . . the LBS Defendants – not previously parties to Donnell's claims – are precluded from deposing her again."[47] This is not necessarily the case since the court has the authority to grant the LBS Defendants leave to reconvene Donnell's deposition if it is justified for the LBS Defendants to complete necessary discovery and prepare their defense. Furthermore, the LBS Defendants have been in this consolidated case since they were named as defendants by the Wirths on March 11, 2009 in their original complaint.[48] The LBS Defendants have participated in discovery with the Wirths. They have also been aware of the nature of the claims now brought against them by Donnell as similar claims have been previously raised by the Wirths. Also, the proposed claims arise out of the same subject matter set forth in the original complaint.[49] Accordingly, granting this amendment will not be unduly prejudicial to the LBS Defendants or to Jeffrey B. Roylance, Summit, or Franklin Forbes.

---

[44] Donnell Memo at 3; *see also* Scheduling Order at 2, docket no. 104, filed October 15, 2009.

[45] *Id.*

[46] LBS Opposition at 5.

[47] *Id.*

[48] Complaint and Jury Demand (Wirth Complaint), case no. 2:09cv00229, docket no. 2, filed March 11, 2009.

[49] *Minter,* 451 F.3d at 1208 (stating that courts typically find prejudice only when "the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues").

Donnell also seeks to add two completely new parties to the litigation: Robert Alsop and Chad Miller. Donnell alleges that Alsop "served as legal counsel to Ascendus and was heavily involved in Taylor's business dealings"[50] Donnell alleges that Miller:

- "had a substantial role in managing Donnell's account and knew or should have known of irregularities in her accounts;"[51]
- "monitored Donnell's accounts and obtained profit and loss reports that also reflected commissions Donnell paid to one or more of the Defendants. . . . [and] had access to Donnell's account;"[52]
- "improperly caused significant losses in Donnell's account before, during, and after the transfer of funds from Penson to FFCF or otherwise failed to see that her funds were safely transferred and then protected as promised"[53] and
- received improper "commissions" from Donnell's funds.[54]

Donnell asserts the following claims against Alsop and Miller: fraud, breach of fiduciary duty, conversion, accounting, unjust enrichment, negligence, securities fraud under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule R10b-5 thereunder, and violation of the Utah Uniform Securities Act.[55]

Alsop and Miller are, unlike the above mentioned defendants, at a great disadvantage when it comes to defending themselves against Donnell's claims. They have not participated in discovery and with the discovery cut-off date of October 1, 2010[56] less than two months away, it would be difficult for these parties to sufficiently prepare their defenses to Donnell's claims. Adding Miller and Alsop at this late date would prejudice them and impair the schedule of the case.

---

[50] Donnell Amended Complaint at 5.

[51] *Id.*

[52] *Id.* at 17.

[53] *Id.* at 19.

[54] *Id.* at 31.

[55] *Id.* at 24-38.

[56] Scheduling Order at 2.

## B. Timeliness

Donnell's motion is timely with respect to the LBS Defendants, Jeffrey B. Roylance, Summit and Franklin Forbes. It was filed on the deadline to amend pleadings (April 16, 2010).[57] The LBS Defendants argue that filing on the deadline was not timely enough since there are several indications that Donnell was aware of connections between her claims and the LBS Defendants several months ago. They state that her mistake in naming LBS Management as a party in her original[58] and first amended[59] Complaints 14 months ago demonstrated that she had intended to name the LBS Defendants yet failed to clearly state a claim right away.[60] Another indication Donnell knew of claims against the LBS Defendants is that the Wirths had named the LBS Defendants in their Complaint,[61] which was consolidated with Donnell's case on July 17, 2009.[62] Consequently, Donnell would have been aware of the Wirths' claims – and thus, it is argued, her potential claims – against the LBS Defendants at least nine months before filing her current motion to amend. The LBS Defendants claim that Donnell should have corrected this mistake before the April 16, 2010 deadline and that her failure to do so now renders her present motion untimely. Nine months is not an excessive time in the time frame of the alleged wrongs and of this complex case. Furthermore, Donnell filed her motion to amend on the deadline to amend pleadings. When these factors are considered together, Donnell's motion is, in fact, timely in relation to the LBS Defendants, Jeffrey B. Roylance, Summit, and Franklin Forbes.

---

[57] *Id.*

[58] Complaint, docket no. 1, filed February 10, 2009.

[59] First Amended Complaint, docket no. 45, filed July 10, 2009.

[60] LBS Opposition at 4.

[61] Case no. 2:09cv00229, docket no. 2, filed March 11, 2009.

[62] Order to Consolidate.

Donnell's motion is untimely in reference to Robert Alsop and Chad Miller. Donnell offers no explanation as to why Alsop and Miller are being added so late in the course of the litigation. Her only attempt is a conclusory allegation that "[t]he additional parties and factual basis added in the Second Amended Complaint have only recently come to light as thousands of documents have been produced in this lawsuit and initial depositions have been taken."[63] This is only a subjective explanation for timing and does not speak in terms of the schedule in the case.

### C. Futility

Donnell's proposed claims against the LBS Defendants, Jeffrey B. Roylance, Summit, Franklin Forbes, Robert Alsop, and Chad Miller contain factual allegations that give rise to valid causes of action.[64] Although LBS Defendants say many of these claims are "blanket conclusory allegations"[65] which refer vaguely to "defendants" generally or to large groups of defendants, there are substantial factual allegations in the complaint that support these allegations. While the LBS Defendants have disputed these factual allegations, these issues will be resolved at trial.

### Donnell Conclusion

The addition of Donnell's proposed claims against the LBS Defendants, Jeffrey B. Roylance, Summit and Franklin Forbes would not be prejudicial to the defendants in preparing their defense. Donnell's motion was timely filed with respect to these parties; and her claims against them appear to be legitimate and not facially futile. Accordingly, Donnell's Motion to Amend will be granted with respect to the LBS Defendants, Jeffrey B. Roylance, Summit and Franklin Forbes.

---

[63] Donnell Memo at 3.

[64] *See Twombly,* 550 U.S. at 555 (quoting 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1216, pp 235-236 (3d ed. 2004)), "Factual allegations must be enough to raise a right to relief above the speculative level."

[65] LBS Opposition at 7.

The addition of Robert Alsop and Chad Miller to the litigation would be prejudicial as they would not have adequate time to prepare their defenses prior to the discovery cut-off date of October 1, 2010.[66] The substantial discovery undertaken prior to this order might need to be revisited if they were added as defendants. While Donnell may have valid claims against Alsop and Miller, the resulting prejudice of adding them to this litigation would be too great. As a result, Donnell's Motion to Amend will be denied with respect to Robert Alsop and Chad Miller.

## 2. The Wirths' Motion to Amend

The Wirths are seeking to add two new claims against existing parties. The defendants, (Summit, Jeffrey B. Roylance, Roger E. Taylor, Richard T. Smith, Franklin Forbes, LBS Advisors, Inc. and Kari M. Laitinen)[67] have been involved in the litigation since the Wirths filed their original complaint on March 11, 2009.[68]

Jeffrey B. Roylance, Jennette L. Roylance and Summit, (collectively "the Summit Defendants") oppose[69] this motion.

### A. Prejudice

The Summit Defendants would not be prejudiced by the addition of the proposed claims because the proposed claims are related to and arise out of the same subject matter set forth in the original Complaint.[70] As a result, the Summit Defendants will not have to conduct extensive discovery in order to prepare their defenses to these new claims. Furthermore, the discovery cut-

---

[66] Scheduling Order at 2.

[67] Wirth Amended Complaint at 39-40.

[68] Case no. 2:09cv00229, docket no. 2, filed March 11, 2009.

[69] Summit Opposition.

[70] *Minter* at 1208 (stating that courts typically find prejudice only when "the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues.").

13

off date is not until October 1, 2010,[71] giving the defendants sufficient time to prepare. Indeed, the Summit Defendants do not argue that allowing the amendment would be prejudicial.

### B. Timeliness

The Summit Defendants contend that the Wirths' motion is untimely since it was filed "more than 5 weeks"[72] after the April 16, 2010 deadline to amend pleadings.[73] The Wirths argue that the reason for the delay was the late occurrence of six important depositions "which provide the factual basis for the amendment."[74] The Wirths promptly filed the motion within three weeks of the completion of these depositions. In consideration of the reason for the delay as well as the fact that three or five weeks is not an excessive amount of time in the time frame of this complex case, the Wirths' motion to amend is timely.

### C. Futility

The Wirths' proposed claims contain factual allegations that give rise to valid causes of action.[75] Although many of these claims present what appear to be conclusory allegations which refer vaguely to "defendants" generally or to large groups of defendants, the specific allegations are a summary of the extensive facts pled in the proposed pleading and are sufficient in consideration of the complexity of this case. Again, while the Wirths and the Summit Defendants have offered different factual allegations, the appropriate forum to resolve these issues is at trial.

---

[71] Scheduling Order at 2.

[72] Summit Opposition at 2.

[73] Scheduling Order at 2.

[74] Wirth Reply at 1 ("[T]he deposition of Richard Smith taken on May 5 and 6, 2010, the deposition of Richard Schmitz taken on April 22, 2010, the deposition of Kari Laitinen taken on April 21, 2010, and the deposition of Roger Taylor taken on April 19 and 20, 2010.")

[75] *See Twombly,* 550 U.S. at 555 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004)), "Factual allegations must be enough to raise a right to relief above the speculative level."

### Wirth Conclusion

The Wirths' motion was timely filed, is not prejudicial, and their claims are not futile on their face. Accordingly, the Wirths' Motion to Amend will be granted.

### ORDER

IT IS HEREBY ORDERED that Annette Kay Donnell's Motion to Amend First Amended Complaint[76] is GRANTED IN PART with respect to the LBS Defendants, Jeffrey B. Roylance, Summit Capital Advisors, Inc., and Franklin Forbes Advisors L.P. and DENIED IN PART with respect to Robert Alsop and Chad Miller.

IT IS FURTHER ORDERED that Albert and Florence T. Wirth's Motion for Leave to Amend to Add New Claims[77] is GRANTED.

Dated August 12, 2010.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[76] Docket no. 166, filed April 16, 2010.
[77] Docket no. 174, filed May 24, 2010.

# Chart of Parties' Status – [Donnell and Wirth v Taylor 2:09-cv-127-TS-DN](#)
August 12, 2010

| | Donnell Parties | | | | Consolidated (Wirth) Parties | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **Parties** | Complaint Dkt. 1 2/10/09 | 1st Am. Comp. Dkt. 45 7/10/09 | 2nd Am. Comp. Dkt. 166 4/16/10 | Default Judgment | Complaint Dkt. 2 (2:09cv00229) 3/11/09 | 1st Am. Comp. Dkt. 24 (2:09cv00229) 5/5/09 | 2nd Am. Comp. Dkt. 52 (2:09cv00229) 7/17/09 | 3rd Am. Comp. Dkt. 150 1/21/10 | 4th Am. Comp. Dkt. 174 5/24/10 | Dismissed |
| Touch Trade | X | X | X | 9/14/09 | | | | | | |
| Tom Newren | X | X | X | | | | | | | |
| LBS Management | X | X | X | | | | | | | |
| LBS Fund, L.P. | | | X | | X | X | X | X | X | |
| LBS Advisors, Inc. | | | X | | X | X | X | X | X | |
| Hans V. Andersen | X | X | X | | | | | | | |
| Hans V. Andersen Acctg | X | X | X | | | | | | | |
| HJ & Associates | X | | | | | | | | | |
| Franklin Hunt | X | | | | | | | | | |
| Roger E. Taylor | X | X | X | | X | X | X | X | X | |
| Richard T. Smith | X | X | X | 7/7/09 | X | X | X | X | X | |
| Smith Holdings | X | X | X | | | | | | | |
| Ascendus Capital Mgmt | X | X | X | | X | X | X | X | | 2/16/10 |
| FFCF Investors | X | X | X | | X | X | X | X | | 2/16/10 |
| Great Eastern Securities | X | X | X | 9/14/09 | | | | | | |
| Susan Smith | | X | X | 10/20/09 | | | | | | |
| Consilium Trading Co. | | X | X | 9/14/09 | | | X | X?* | X | |
| David C. Taggart | | X | X | | | | | | | |
| Jeffrey B. Roylance** | | X | X | | X | X | X | X | X | |
| Teach Me To Trade | | X | X | 9/14/09 | | | | | | |
| Linda Woolf | | X | X | | | | | | | |
| Summit Capital Adv, Inc. | | | X | | X | X | X | X | X | |
| Chad Miller | | | X | | | | | | | |
| Robert Alsop | | | X | | | | | | | |
| Franklin Forbes Advisors | | | X | | X | X | X | X | X | |
| Jennette L. Roylance | | | | | X | X | X | X | X | |
| GJB Enterprises Inc. | | | | | X | X | X | X | X | |
| Gerald Burke | | | | | X | X | X | X | X | |
| Jason Buck | | | | | X | X | X | X | | 7/8/10 |
| Richard C. Schmitz | | | | | X | X | X | X | X | |
| Kari M. Laitinen | | | | | X | X | X | X | X | |
| Newton Alan Taylor | | | | | | | X | X?* | X | |

*Color indicates party which Donnell's second amended complaint would add*  
*Color indicates proposed amended complaints now under consideration*

*Appears in body of complaint, but not in caption.  
** also appears as Jeff Roylance