IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALBERT WIRTH, on behalf of himself and the Albert J. Wirth Trust, and FLORENCE T. WIRTH,<br><br>Plaintiffs,<br><br>v.<br><br>ROGER E. TAYLOR, RICHARD T. SMITH, FRANKLIN FORBES ADVISORS, LP., LBS FUND, L.P., LBS ADVISORS, INC., SUMMIT CAPITAL ADVISORS, INC., JEFFREY B. ROYLANCE, JENNETTE L. ROYLANCE, GJB ENTERPRISES, INC., GERALD BURKE a/k/a G.J. BURKE, JASON BUCK, RICHARD C. SCHMITZ, KARI M. LAITINEN, and NEWTON ALLEN TAYLOR,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR STAY**<br><br>Case No. 2:09-cv-127 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |
| ANNETTE KAY DONNELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ROGER TAYLOR, et al.<br><br>Defendants. | |

## Introduction

Defendant Roger E. Taylor moves to stay this civil proceeding pending the outcome of criminal proceedings against him.[1] He claims that these civil proceedings, "if not deferred, might undermine [his] Fifth Amendment privilege against self-incrimination."[2] The civil case

---

[1] Motion for Stay of Civil Proceedings Pending the Outcome of Parallel Criminal Proceedings (Motion for Stay) at 2-4, docket no. 205, filed September 10, 2010.

[2] *Id*. at 2.

against Mr. Taylor was filed 18 months ago on March 11, 2009.[3] Since then, Mr. Taylor was deposed for two days (April 19, 2010 and on April 20, 2010) in the course of the civil proceedings.[4] The State of Utah filed criminal charges against Mr. Taylor alleging securities fraud and elder abuse on August 13, 2010.[5] Plaintiffs Albert Wirth and Florence T. Wirth oppose the motion to stay because they will be "substantially prejudiced by a stay of this action."[6]

## Positions of the Parties

Defendant Taylor argues his Fifth Amendment rights will be prejudiced if the stay is not granted[7] because the criminal proceedings arise out of the same facts as this civil case.[8] He says his further testimony may become self-incriminating and result in his conviction of serious criminal charges.[9]

The Wirths argue that Mr. Taylor has already waived his Fifth Amendment privilege by testifying in two days of deposition in the course of the civil proceedings without invoking the privilege.[10] Moreover, they say that if the civil action is discontinued for the duration of the criminal proceedings against Mr. Taylor, the prejudice to their interests would be substantial.[11] They also assert that while a motion to stay might be granted when parallel criminal and civil

---

[3] Opposition to Motion to Stay Civil Proceedings (Opposition) at 2, docket no. 206, filed September 17, 2010.
[4] *Id*.
[5] Criminal Information at 3-4, attached as exhibit A to Motion for Stay.
[6] Opposition at 3.
[7] Motion for Stay at 4.
[8] *Id*. at 3.
[9] *Id*. at 4.
[10] Opposition at 5.
[11] *Id*. at 9.

proceedings are initiated by the government, that is not the case here where this civil case is brought by individual plaintiffs.[12]

## Discussion

The decision to grant or deny a "postponement of civil discovery until fear of criminal prosecution is gone . . . is a matter for the exercise of the trial court's discretion."[13] In *Creative Consumer Concepts, Inc. v. Kreisler* the Tenth Circuit made it clear that

> [t]he Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights. When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated.[14]

However, "the extent to which the defendant's Fifth Amendment rights are implicated is . . . only one consideration to be weighed against others."[15] Hence, "[a] movant must carry a heavy burden to succeed in such an endeavor."[16]

While the Constitution provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself,"[17] the Supreme Court has long acknowledged that the Fifth Amendment "does not preclude a witness from testifying voluntarily in matters which may incriminate him. If, therefore, he desires the protection of the privilege, he must claim it or he will not be considered to have been 'compelled' within the meaning of the Amendment."[18] The Court has equated the "failure at any time to assert the constitutional privilege"[19] to the

---

[12] *Id.* at 8.

[13] *Mid-America's Process Serv. v. Ellison*, 767 F.2d 684, 687 (10th Cir. 1985).

[14] *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009).

[15] *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995).

[16] *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) (internal citations omitted).

[17] U.S. Const. amend. V.

[18] *United States v. Monia*, 317 U.S. 424, 427 (1943).

[19] *United States. v. Kordel*, 397 U.S. 1, 10 (1970).

"intentional relinquishment or abandonment of a known right."[20] Furthermore, the Court stated that "if the [party] himself elects to waive his privilege . . . he is not permitted to stop, but must go on and make a full disclosure"[21] because the "[d]isclosure of a fact waives the privilege as to details"[22] as well.

For the Court to consider granting a motion to stay "a party must show 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party."[23] In the present case, fact discovery has proceeded for 18 months and it is nearly complete.[24] Plaintiffs are elderly - Mr. Wirth is 66 years of age and his mother, Florence Wirth is 95 years of age.[25] Their memories are likely to fade with the passage of time.[26] "If Justice moves too slowly . . . witnesses may die or move away, memories may fade . . . ."[27] Thus, the Wirths could be prevented from pursuing their claims if this case is stayed. This constitutes substantial prejudice.

Conversely, Mr. Taylor shows little if any prejudice to his interests as he has already testified in two depositions. In *Creative Consumer Concepts, Inc. v. Kreisler* the court found that a defendant "waived her Fifth Amendment privilege with respect to the questions she answered during her deposition" in the civil case taken prior to her filing a motion to stay.[28]

---

[20] *United States v. Olano*, 507 U.S. 725, 733 (1993).

[21] *Rogers v. United States*, 340 U.S. 367, 373 (1951).

[22] *Id.*

[23] *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (quoting *Span-Eng Assocs. v. Weidner*, 771 F.2d 464, 468 (10th Cir. 1985)).

[24] Opposition at 3.

[25] *Id*.

[26] *Id*.

[27] *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1377 (D.C. Cir. 1980).

[28] *Kreisler*, 563 F.3d at 1081.

Also, Mr. Taylor already filed answers to the various complaints in this matter on September 1, 2009,[29] on October 19, 2009,[30] and on September 8, 2010.[31] Under similar circumstances, "where a defendant already has provided deposition testimony on substantive issues of the civil case," [32] a court found that "any burden on that defendant's Fifth Amendment privilege is 'negligible'"[33] and "cannot provide the basis for a stay."[34] Thus, Mr. Taylor will not be substantially prejudiced if the civil proceedings continue.

Among other factors the courts consider in deciding whether to grant the stay are "whether the two actions involve the same subject matter . . . [and] whether the two actions are brought by the government."[35] The danger of discovery abuse is not present when the government is not the civil plaintiff. "[T]he fact that the government is not a plaintiff in the civil action weighs against a stay because there is no risk that the government will use the broad scope of civil discovery to obtain information for use in the criminal prosecution."[36]

---

[29] Docket no. 72, filed on September 1, 2010.

[30] Docket no. 105, filed on October 19, 2009.

[31] Docket no. 204, filed on September 8, 2010; *See also* Opposition at 5-6.

[32] *F.T.C. v. J.K. Publ'ns, Inc.*, 99 F.Supp.2d 1176, 1199 (C.D.Cal. 2000).

[33] *Id.*

[34] *Int'l Business Machines Corp. v. Brown*, 857 F.Supp. 1384, 1390 (C.D.Cal. 1994).

[35] *Ticor Title Ins. Co. v. Brezinski*, No. 2:08 cv 333, 2009 WL 305810, at *2 (N.D. Ind. Feb. 9, 2009).

[36] *United States ex rel. Shank v. Lewis Enters., Inc.*, No. 04-cv-4105-JPG, 2006 WL 1064072 at *4 (S.D.Ill. 2006).

**ORDER**

IT IS HEREBY ORDERED that Defendant Roger Taylor's Motion for Stay of Civil Proceedings Pending the Outcome of Parallel Criminal Proceedings[37] is DENIED. The Plaintiffs' request to complete the deposition of Mr. Taylor after the Court decides this Motion is GRANTED.

Dated January 20, 2011.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[37] Docket no. 205, filed on September 10, 2010.