IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALBERT WIRTH, on behalf of himself and the Albert J. Wirth Trust, and FLORENCE T. WIRTH,<br><br>        Plaintiffs,<br><br>v.<br><br>ROGER E. TAYLOR, RICHARD T. SMITH, FRANKLIN FORBES ADVISORS, LP., LBS FUND, L.P., LBS ADVISORS, INC., SUMMIT CAPITAL ADVISORS, INC., JEFFREY B. ROYLANCE, JENNETTE L. ROYLANCE, GJB ENTERPRISES, INC., GERALD BURKE a/k/a G.J. BURKE, JASON BUCK, RICHARD C. SCHMITZ, KARI M. LAITINEN, and NEWTON ALLEN TAYLOR,<br><br>        Defendants.<br>_____<br><br>ANNETTE KAY DONNELL, an individual,<br><br>        Plaintiff,<br>v.<br><br>ROGER TAYLOR, et al.<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' LIMITED WITHDRAWAL OF MOTION, DENYING DEFENDANTS' MOTION TO STRIKE and GRANTING DEFENDANTS' MOTION TO STRIKE DONNELL JOINDER**<br><br><br>Case No. 2:09-cv-127 TS<br><br><br>District Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |

      District Judge Ted Stewart referred this case to the Magistrate Judge pursuant to 28 U.S.C § 636(b)(1)(A) calling for the proper resolution of non-dispositive pretrial matters.[1] Defendants Jeffery Roylance, Jennette Roylance, and Summit Capital Advisors, Inc. (the "Summit Defendants") filed a Motion to Strike Expert Testimony Offered by Plaintiffs Albert

---

[1] Notice Affirming Prior Order of Reference, docket no. 68, filed August 11, 2009.

Wirth, the Albert J. Wirth Trust, and Florence T. Wirth (the "Wirth Plaintiffs").[2] Shortly after this, Defendants Franklin Forbes Advisors, L.P., LBS Fund, L.P., LBS Advisors, Inc., and Kari M. Laitinen (the "LBS Defendants") filed a Notice of LBS Defendants' Joinder in Motion to Strike Expert Testimony Filed by the Wirth Plaintiffs informing the court that they would be joining the Motion to Strike.[3] Defendant Roger Taylor ("Taylor") also joined the Motion to Strike.[4]

The Summit Defendants subsequently filed a limited motion to withdraw the Motion to Strike because they had settled the Wirth Plaintiffs' claims against them.[5] Included in its withdrawal, the Summit Defendants expressly requested that "[t]his limited withdrawal is without prejudice to the rights of any other party who has joined the motion."[6] The Wirth Plaintiffs also settled their claims against the LBS Defendants.[7] Currently, Taylor is the only remaining party bringing the Motion to Strike against the Wirth Plaintiffs.

The Wirth Plaintiffs opposed the Motion to Strike.[8] Plaintiffs Annette Kay Donnell and AK Limitless, LLC (the "Donnell Plaintiffs") joined the Wirth Plaintiffs' opposition.[9] In their

---

[2] Motion to Strike Expert Testimony Offered by the Wirth Plaintiffs (the "Motion to Strike"), docket no. 212, filed December 2, 2010.

[3] Notice of LBS Defendants' Joinder in Motion to Strike Expert Testimony Offered by the Wirth Plaintiffs, docket no. 215, filed December 7, 2010.

[4] Defendant Roger Taylor's Joinder of Motion to Strike Expert Testimony Offered by the Wirth Plaintiffs, docket no. 216, filed December 7, 2010.

[5] Limited Withdrawal of Motion to Exclude Expert Testimony ("Limited Withdrawal") at 2, docket no. 224, filed December 23, 2010. *See also* Order Dismissing Summit Capital Advisors, Inc., Jeffery B. Roylance, and Jennette L. Roylance with Prejudice and on the Merits, docket no. 232, filed January 5, 2011.

[6] Limited Withdrawal at 3.

[7] Opposition to Motion to Strike Expert Testimony Offered by the Wirth Plaintiffs ("Opposition to Motion to Strike") at 2, docket no. 229, filed January 4, 2011. *See also* Order Dismissing Franklin Forbes Advisors, LP, LBS Fund, L.P., LBS Advisors, Inc., Jason Buck, Richard C. Schmitz, and Kari M. Laitinen with Prejudice, docket no. 231, filed January 5, 2011.

[8] *See* Opposition to Motion to Strike at 2.

[9] Annette Kay Donnell's Joinder of Wirth Plaintiffs' Opposition to Strike Expert Testimony ("Donnell Joinder"), docket no. 233, filed January 7, 2011.

joinder, the Donnell Plaintiffs allege that the expert testimony offered by the Wirth Plaintiffs' expert witnesses "contain[s] information equally relevant to the claims [of the Donnell Plaintiffs]" and informed all parties that the Donnell Plaintiffs intended to rely on the expert reports filed by the Wirth Plaintiffs.[10] The Summit Defendants then filed a motion to strike the Donnell Plaintiffs' joinder motion.[11]

First, the court will address the Summit Defendants' Limited Withdrawal of the Motion to Exclude Expert Testimony. Next, the Motion to Strike, in which Taylor joined, will be evaluated. Finally, the Summit Defendants' Motion to Strike Joinder will be analyzed.

## I. THE SUMMIT DEFENDANTS' LIMITED WITHDRAWAL OF MOTION

The Wirth Plaintiffs have settled their claims against the Summit Defendants.[12] Because of this, the Summit Defendants filed the Limited Withdrawal which withdraws the Motion to Strike as it applies to the Wirth Plaintiffs.[13] However, the Limited Withdrawal specifically excludes the Motion to Strike as it pertains to the Donnell Plaintiffs.[14] The claims by the Donnell Plaintiffs are still active against the Summit Defendants. Therefore, the Limited Withdrawal of Motion to Exclude Expert Testimony is **GRANTED**.

## II. TAYOLR'S MOTION TO STRIKE WIRTH PLAINTIFFS' EXPERTS

By joining in the motion filed by the Summit Defendants, Taylor argues that the expert witness testimony proffered by the Wirth Plaintiffs should be barred because the experts the Wirth Plaintiffs plan on using at trial were not disclosed 60 days prior to the date the expert

---

[10] *Id.* at 1.

[11] Summit Capital Defendants' Motion to Strike Annette K. Donnell's Joinder of Wirth Plaintiffs' Opposition to Motion to Strike Expert Testimony, docket no. 239, filed January 20, 2011.

[12] *See* Order Dismissing Summit Capital Advisors, Inc., Jeffery B. Roylance, and Jennette L. Roylance with Prejudice and on the Merits, docket no. 232, filed January 5, 2011.

[13] Limited Withdrawal at 2.

[14] *Id.*

reports were due.[15] According to the Scheduling Order entered by the court, the Rule 26(a)(2) expert reports for any plaintiff were due on November 5, 2010.[16] The Wirth Plaintiffs complied with this deadline and delivered the expert reports from George Robinson and Greg Wood.[17] But the Wirth Plaintiffs failed to disclose the identities of the experts by the deadline in a footnote in the Scheduling Order.[18] The footnote at issue required "[a] party shall disclose the identity of each testifying expert and the subject of each expert's testimony at least 60 days before the deadline for expert reports from that party."[19] Taylor argues that because the identity and subject matter of the experts at issue was not made prior to September 6, 2010, the Wirth Plaintiffs should not be able to rely on the experts' opinions.

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."[20] If the failure to provide information or the identity of an expert witness was improper, the court may strike the expert's testimony.[21] The four factors the court considers in determining whether the failure to disclose an expert witness is improper are: "1) the prejudice or surprise to the party against whom the testimony is offered; 2) the ability of the party to cure the prejudice; 3) the extent to which introducing such testimony would disrupt the trial; and 4) the [disclosing] party's bad faith or willfulness."[22] Each factor will be discussed separately.

---

[15] Memorandum Supporting Motion to Strike Expert Testimony Offered by the Wirth Plaintiffs ("Memo in Support"), docket no. 213, filed December 2, 2010.

[16] Scheduling Order at 2, docket no. 104, filed October 15, 2009.

[17] Memo in Support at 4.

[18] *Id.*

[19] Scheduling Order at 4 n.3.

[20] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)).

[21] *See* Fed. R. Civ. P. 37(c)(1).

[22] *Woodworker's Supply*, 170 F.3d at 993.

### a. The Prejudice or Surprise to Taylor

Taylor may have been surprised by the receipt of expert reports from undisclosed expert witnesses. The reports were timely served under the Scheduling Order,[23] but the fact that the Wirth Plaintiffs' experts were not identified 60 days prior to the deadline may have caught Taylor off-guard. But the court is not persuaded that this surprise is prejudicial to Taylor's case in chief. The Wirth Plaintiffs afforded Taylor an opportunity to extend his expert disclosure and reports deadlines after they had expired on December 6, 2010.[24] Taylor did not take advantage of this opportunity when it was presented shortly after the expiration of Taylor's deadline.[25] Because any surprise that may have occurred was met with an attempted remedy by the Wirth Plaintiffs, this surprise did not rise to the level of being prejudicial. Therefore, the court determines that the surprise and prejudice, if any, does not rise to the level that would warrant striking the expert testimony offered by the Wirth Plaintiffs.

### b. The Ability of the Wirth Plaintiffs to Cure the Prejudice

The Wirth Plaintiffs offered Taylor an extension of 90 days to retain experts and deliver any expert's reports.[26] Additionally, they offered to extend Taylor's expert witness deadlines by 60 days shortly after Taylor's expert report deadline.[27] The Wirth Plaintiffs have provided the ability to cure the prejudice, if any exists. Therefore, the court finds that this factor does not weigh in favor of striking the Wirth Plaintiffs' expert testimony.

---

[23] Memo in Support at 4.

[24] Opposition to Motion to Strike Expert Testimony Offered by the Wirth Plaintiffs ("Opposition to Motion to Strike") at 6, docket no. 229, filed January 4, 2011.

[25] *Id.* at 4.

[26] *Id.* at 6.

[27] *Id.*

5

### c. The Extent to which Introducing Such Testimony would Disrupt the Trial

Trial is scheduled to begin on October 3, 2011.[28] With trial approximately seven months away, allowing the use of the Wirth Plaintiffs' experts will not disrupt trial. Furthermore, if Taylor takes advantage of the extension offered to him and identifies experts and serves expert testimony on the Wirth Plaintiffs, this will likewise not disrupt trial.[29] Therefore, this factor does not sway the court to strike the expert testimony at issue.

### d. The Wirth Plaintiffs' Bad Faith or Willfulness

The Wirth Plaintiffs' attorney, Erik A. Christiansen, submitted an affidavit at the time the Opposition to Motion to Strike was filed.[30] The Christiansen Affidavit states that the reason the Wirth Plaintiffs' experts were not disclosed 60 days prior to the deadline for expert reports was because the footnote setting forth the disclosure deadline was overlooked.[31] It is asserted that this was done through counsel's "own mistake, inadvertence, and excusable neglect."[32] In fact, the Motion to Strike does not allege and bad faith or willfulness to disrupt the proceedings. The court, therefore, determines that there was no bad faith by the Wirth Plaintiffs' attorney and this factor does not weigh in favor of striking the expert testimony.

The court believes that the late disclosure of the Wirth Plaintiffs' expert witnesses was the result of a simple oversight by the Wirth Plaintiffs' counsel. The late disclosure does not rise to the prejudicial level that would warrant striking the testimony. Additionally, a remedy has been offered by the Wirth Plaintiffs and the acceptance of the remedy by Taylor will not disrupt

---

[28] Scheduling Order at 3.

[29] *See* Opposition to Motion to Strike at 6 ("Indeed, Plaintiffs are willing to stipulate that the expert deadlines for Taylor be extended another 90 days, particularly since trial is not set in this matter until October 2011.").

[30] Affidavit of Erik A. Christiansen in Opposition to Motion to Strike ("Christiansen Affidavit"), docket no. 230, entered January 4, 2011.

[31] *Id.* at 2.

[32] *Id.*

trial. Finally, there is no evidence that the failure to disclose the Wirth Plaintiffs' expert witnesses was done in bad faith. Accordingly, the Motion to Strike the Wirth Plaintiffs' Experts is **DENIED**.

### III. THE MOTION TO STRIKE THE DONNELL PLAINTIFFS' JOINDER

The Donnell Plaintiffs wish to utilize the expert witnesses and the expert reports that the Wirth Plaintiffs provided to all defendants in this matter.[33] Though the Donnell Plaintiffs hinted that they intended to rely on the Wirth Plaintiffs' expert witnesses prior to the filing of their joinder motion,[34] they did not formally disclose that intent prior to their Joinder opposing the motion to strike the experts.[35] The intention of the Donnell Plaintiffs to utilize the Wirth Plaintiffs' expert witnesses was made well past the deadline for any plaintiff to designate experts (September 6, 2010) or serve the expert reports (November 5, 2010). The Donnell Plaintiffs never designated experts or served any expert reports on any defendant.[36] They did not disclose their intention to rely upon the Wirth Plaintiffs' experts until January 7, 2011, with the filing of the Donnell Joinder, more than two months after the deadline for any plaintiff to serve expert reports. The Donnell Plaintiffs have not given any explanation or justification for their failure to designate any witnesses or serve any expert reports prior to the deadlines set forth in the Scheduling Order. All that they allege is that the Wirth Plaintiffs' reports were timely filed and that the court should allow the Donnell Plaintiffs to utilize those experts.[37]

---

[33] Donnell Joinder at 1.

[34] Limited Withdrawal at 2.

[35] *See* Reply Memorandum in Support of Limited Motion to Strike Expert Testimony [dkt. 212] and Memorandum in Support of Motion to Strike Donnell Joinder [dkt. 233] (Reply Memo) at 3, docket no. 241, filed January 20, 2011 ("Donnell did not concurrently with service of the Wirth expert reports indicate any interest in relying, or desire to rely upon the Wirth expert reports.").

[36] *Id.*

[37] Donnell Plaintiffs' Opposition to Motion to Strike Donnell Plaintiffs' Memorandum in Opposition to Motion to Strike Expert Testimony at 3, docket no. 254, filed February 2, 2011.

Two of the four factors the court evaluates in determining whether the late disclosure of expert witnesses is justified, as discussed above, do not weigh in favor of the Donnell Plaintiffs. The fact that no experts, or expert reports, were disclosed by the Donnell Plaintiffs until two months after the deadline to file any expert reports creates prejudices to the Summit Defendants that is not presented by the Wirth Plaintiffs' actions discussed above. While the Wirth Plaintiffs' reports were timely filed, no party knew that the Donnell Plaintiffs would be relying upon the Wirth Plaintiffs' experts until the Donnell Joinder was filed. This is prejudicial to the Summit Defendants.

Further, while it is not evident that this late disclosure was done in bad faith, the Donnell Plaintiffs offer no reason to justify why they waited two months past the expert report deadline to make their intention to utilize the Wirth Plaintiffs' experts known. While the court realizes that this inaction may not be the result of the Donnell Plaintiffs' bad faith, the Donnell Plaintiffs' lack of any reason why the delay occurred leads the court to believe that there was no justification for the delay.

Therefore, because of the prejudice that the Summit Defendants will suffer because of the unjustified delay in the Donnell Plaintiffs' disclosure and delivery of expert reports, the Summit Capital Defendants' Motion to Strike Annette K. Donnell's Joinder of Wirth Plaintiffs' Opposition to Motion to Strike Expert Testimony is hereby **GRANTED**.

## ORDER

**IT IS HEREBY ORDERED**:

1. The Limited Withdrawal of Motion to Exclude Expert Testimony is GRANTED;[38]

2. The Motion to Strike as it applies to Taylor against the Wirth Plaintiffs is DENIED;[39]

3. The Summit Defendants' Motion to Strike the Donnell Plaintiffs' Joinder of the Wirth Plaintiffs' Opposition to Strike Expert Testimony is GRANTED.[40]

Dated March 28, 2011.

BY THE COURT:

_David Nuffer_
David Nuffer
U.S. Magistrate Judge

---

[38] Docket no. 224.

[39] Docket no. 212.

[40] Docket no. 239.