IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ANNETTE KAY DONNELL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ROGER TAYLOR, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S DECISION AND DENYING MOTIONS TO DISMISS<br><br><br>Case No. 2:09-CV-127 TS |

This matter is before the Court on an Objection to Magistrate Judge's Decision filed by Defendants Jeffrey B. Roylance and Summit Capital Advisors, Inc. (collectively the "Roylance Defendants"). This matter is also before the Court on related Motions to Dismiss filed by the Roylance Defendants and Defendants LBS Fund, L.P., and LBS Advisors, Inc. (collectively the "LBS Defendants"). For the reasons discussed below, the Court will overrule the Objection and deny the Motions to Dismiss.

1

## I. BACKGROUND

On April 16, 2010, the last day for filing motions to amend pleadings, Plaintiff Donnell filed a Motion to Amend, seeking to amend her First Amended Complaint.[1] On August 12, 2010, the Magistrate Judge granted, in part, Donnell's Motion to Amend.[2] The Magistrate Judge ordered Donnell to amend the proposed amended complaint in certain respects.[3]

Plaintiff Donnell did not file her new Complaint right away. Rather, she waited until December 14, 2010, four months after the Magistrate Judge allowed amendment, to file her Second Amended Complaint.[4] In response, the Roylance Defendants and the LBS Defendants both filed Motions to Strike or Dismiss the Second Amended Complaint.[5] Defendants argued that the Second Amended Complaint was improper under the Federal Rules of Civil Procedure; different from the version originally allowed by the Court; untimely, unfair and prejudicial; and barred by the doctrine of laches.

On February 16, 2011, the Magistrate Judge issued a Memorandum Decision and Order Denying Motions to Strike Second Amended Complaint, in which the Magistrate Judge denied

---

[1] Docket No. 166.

[2] Docket No. 200.

[3] *Id.*

[4] Docket No. 219.

[5] Docket Nos. 225 & 245.

the Motions to Strike, but did not rule on the dismissal aspects of Defendants' Motions.[6] The Magistrate Judge rejected each of the arguments raised by Defendants.

The Roylance Defendants have now filed an Objection to the Magistrate Judge's Decision.[7] Additionally, the dismissal aspects of Defendants' Motions remain pending before the Court.

## II. DISCUSSION

A. OBJECTION TO MAGISTRATE JUDGE'S DECISION

The Roylance Defendants object to the Magistrate Judge's Decision on two grounds. First, Defendants argue that the Magistrate Judge lacked jurisdiction to rule upon the Motions to Strike because they were dispositive. Second, the Magistrate Judge denied the Roylance Defendants due process and set a dangerous precedent by allowing a party to file an amended pleading that was not the same pleading originally presented to the parties and the Court in seeking leave to amend. The Court finds that neither argument has merit.

28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a) allow a Magistrate Judge to consider nondispositive pretrial matters. 28 U.S.C. § 636(b)(1)(A) lists eight matters that are dispositive as a matter of law and not within the authority of the Magistrate Judge under that provision. Motions to strike are not among the listed categories. "Rule 72, the statute's counterpart, focuses

---

[6]Docket No. 258.

[7]The LBS Defendants have not objected to the Magistrate Judge's Decision, nor have they joined in the Objection filed by the Roylance Defendants.

not on the title of the motion but rather on the effect of the order (i.e., was it dispositive or nondispositive of a party's defense or claim)."[8]

Defendants' Motions sought either to strike or dismiss the Second Amended Complaint. The Magistrate Judge's Order made clear that he was only addressing the requests to strike and did not resolve the dismissal component of the Motions.[9] The Motions to Strike were not dispositive and the Magistrate Judge's decision did not dispose of any party's claim or defense. Therefore, the Court finds that the Magistrate Judge acted within his authority.

For non-dispositive pretrial matters, this Court reviews the Magistrate Judge's orders under a "clearly erroneous or contrary to law" standard of review.[10] Under the clearly erroneous standard, this court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[11]

Having reviewed the Magistrate Judge's Decision and the Roylance Defendant's Objections thereto, the Court is not left with the definite and firm conviction that a mistake has been committed. Therefore, Defendant's Objection will be overruled.

---

[8] *ClearOne Commc'ns, Inc. v. Chiang*, No. 2:07-CV-37 TC, 2010 WL 1257750, *2 n.5 (D. Utah Mar. 25, 2010).

[9] Docket No. 258 at 2.

[10] 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a).

[11] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

B. MOTIONS TO DISMISS

Defendants' Motions to Dismiss remain pending before the Court. As set forth above, Defendants seek dismissal of the Second Amended Complaint on a number of grounds. Those grounds were addressed by the Magistrate Judge in his Memorandum Decision and Order Denying Motions to Strike Second Amended Complaint. The Court finds the reasoning of the Magistrate Judge to be persuasive and, for substantially the same reasons, denies the Motions to Dismiss.

III. CONCLUSION

It is therefore

ORDERED that Defendants' Motions to Dismiss (Docket Nos. 225 and 245) are DENIED. It is further

ORDERED that Roylance's Objection to Magistrate Judge Decision (Docket No. 262) is OVERRULED.

DATED April 12, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge